**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **MAXWELL HEDON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )　　　**CAUSE NO:** |
| | ) |
| **PLANNED PARENTHOOD** | ) |
| **ALLIANCE ADVOCATES, SERVING** | ) |
| **ALASKA, HAWAIʻI, IDAHO,** | ) |
| **INDIANA, KENTUCKY, AND** | ) |
| **WASHINGTON, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.　　This is an action brought by Plaintiff, Maxwell Hedon ("Hedon"), by counsel, against Defendant, Planned Parenthood Alliance Advocates, Serving Alaska, Hawaii, Idaho, Indiana, Kentucky, and Washington, Inc. ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* and the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*

### II. PARTIES

2.　　Hedon is a resident of the United States and the State of Indiana.

3.　　Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

1

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

5.      Defendant is an "employer" as that term is defined 42 U.S.C. §2000e(b) and 42 U.S.C. § 12111(5)(A).

6.      At all times relevant to this action, Hedon was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7.      Hedon is a "qualified individual with a disability" as defined by the Americans with Disability Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Hedon's disability and/or Defendant regarded Hedon as being disabled.

8.      Hedon exhausted their administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of their Notice of Right to Sue.

9.      A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

10.      Hedon, who is a transgender male, was hired by the Defendant on or about August 31, 2020 as a Medical Receptionist. Hedon reported initially to Rachel Brown ("Brown").

11.     At all times relevant, Hedon met or exceeded Defendant's legitimate performance expectations, and Hedon did not receive any discipline during their employment.

12.     Hedon is disabled at that term is defined by the ADAAA and/or Defendant regarded Hedon as disabled. Defendant was aware of Hedon's disabilities. Hedon was able to perform the essential functions of the position with or without an accommodation.

13.     Beginning in June 2021, Hedon's manager began treating them differently from their non-disabled, cisgender coworkers. Brown and other managers began bullying Hedon and made them feel very uncomfortable. Hedon reported this harassment to Defendant's Human Resources but nothing was done.

14.     Because of the harassment by Hedon's supervisor and managers, Hedon's disabilities worsened and they lost a significant amount of weight and developed an eating disorder. Defendant's continual harassment and failure to investigate their complaints of harassment caused significant damage to Hedon, including damage to their physical and mental health.

15.     On or about August 31, 2021, Hedon applied for a promotion to a Gender Affirming Hormone Navigator position. Hedon was qualified for the position, but Defendantt delayed responding to Hedon's application. When Hedon was invited to manager training, presumably related to the promotion, Brown told Hedon it was mistake and to ignore the invitation.

3

16.     After Hedon again complained to HR, the Defendant asked Hedon if they still wanted the promotion, and Hedon accepted the promotion on or about November 8, 2021. In the meantime, Hedon's supervisor and other managers further subjected Hedon to differing treatment based on their gender and required Hedon to regularly re-introduce themselves in front of other staff, which made them uncomfortable.

17.     On or about November 10, 2021, Hedon suffered an on-the-job injury while changing a lightbulb. Following this, the Defendant insisted that Hedon seek accommodations for their disability and insisted Hedon provide medical documentation despite Hedon not requesting any accommodation.

18.     Hedon also met with the President of Equity, Demarius Espinoza, about their concerns of equity in the workplace and their treatment. As such, Hedon engaged in yet another protected activity.

19.     Meanwhile, in their new role, Hedon did not receive the necessary training to be successful in their position. Hedon sought additional training from Lisa Pepperdine, VP of Clinical Services, who denied them training.

20.     Despite this, and despite Hedon attempting to perform their role without the necessary training, Defendant placed Hedon on leave on or about March 3, 2022 after informing Hedon it was undertaking an investigation regarding Hedon's behavior and performance. During this leave, Defendant did not take any statement from Hedon.

21.     On or about March 11, 2022, Defendant terminated Hedon's employment. The reason given for the termination was pretext for discrimination based on Hedon's gender, disability and/or in retaliation for having engaged in protected activity.

## V. LEGAL ALLEGATIONS

### COUNT I – GENDER DISCRIMINATION

22.     Paragraphs one (1) through twenty-one (21) of Hedon's Complaint are hereby incorporated.

23.     Defendant violated Hedon's rights and discriminated against them based on their gender by terminating their employment and by subjecting them to a hostile work environment.

24.     Defendant's actions were intentional, willful and in reckless disregard of Hedon's rights as protected by Title VII.

25.     Hedon has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II – RETALIATION

26.     Paragraphs one (1) through twenty-five (25) of Hedon's Complaint are hereby incorporated.

27.     Defendant violated Hedon's rights by retaliating against them for engaging in a protected activity.

28.     Defendant's actions were intentional, willful and in reckless disregard of Hedon's rights as protected by Title VII.

29.     Hedon has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III: DISABILITY DISCRIMINATION

30.     Paragraphs one (1) through twenty-nine (29) of Hedon's Complaint are hereby incorporated.

31.     Defendant violated Hedon's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by terminating them because of their actual or perceived disability.

32.     Defendant's actions were intentional, willful and in reckless disregard of Hedon's rights as protected by the ADA.

33.     Hedon has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Maxwell Hedon, by counsel, respectfully requests that this Court find for Plaintiff and:

1.     Reinstate Plaintiff to the position, salary and seniority level they would have enjoyed but for Defendant's unlawful employment actions, or award them front pay in lieu thereof;

2.     Pay Plaintiff's lost wages and benefits;

3.      Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4.      Pay to Plaintiff punitive damages;

5.      Pay to Plaintiff pre- and post-judgment interest;

6.      Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7.      Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:    (812) 424-1000
Facsimile:    (812) 424-1005
Email:        lberger@bdlegal.com

*Attorneys for Plaintiff, Maxwell Hedon*

7

## DEMAND FOR JURY TRIAL

The Plaintiff, Maxwell Hedon, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:    (812) 424-1000
Facsimile:    (812) 424-1005
Email:        lberger@bdlegal.com

*Attorneys for Plaintiff, Maxwell Hedon*

8